# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DOMINIQUE ROSIER,
      **Plaintiff,**

-vs-                                       **Case No. 6:07-cv-159-Orl-18DAB**

SAFAMARWA, INC.,
d/b/a Adams Cleaners,
      **Defendant.**

---

## ORDER

THIS CAUSE comes before the Court upon Defendant Safamarwa, Inc., d/b/a Adams Cleaners' ("Defendant") Motion to Dismiss and Motion to Strike Jury Trial Demand (Doc. 32, filed September 4, 2007), to which Plaintiff Dominique Rosier ("Plaintiff") responded in opposition. (Doc. 35, filed September 17, 2007.) Plaintiff brings this action against Defendant alleging one count of unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). After reviewing the motions and memoranda submitted by the parties, the Court grants the Motion to Dismiss and denies as moot the Motion to Strike Jury Trial Demand.

## I. BACKGROUND

Defendant owns and operates a dry cleaning business with two separate Orlando locations: 2525 East South Street (the "South Street store") and 4664 South Kirkman Road (the "Kirkman Road store"). It is undisputed that Plaintiff worked at the Kirkman Road store at the rate of $8.50 per hour. Plaintiff, however, alleges that she also worked mornings at the South

Street store, but received cash payments that were not recorded on Defendant's time or payroll records.

At the beginning of Plaintiff's employment, the parties entered into a member agreement. (Doc. 32-2, filed September 4, 2007.) This agreement was between Plaintiff, Defendant, and SCI (a company that provided payroll and other administrative services). Plaintiff does not dispute signing the contract. (Doc. 35-2, filed September 17, 2007.) The final clause of the agreement states:

> SCI, my Company, and I agree to waive the right to a jury trial in any action or proceeding related to, or arising out of, my employment with my Company and SCI. . . . This includes all disputes, whether based on tort, contract, statute (including but not limited to any claims of discrimination and harassment), equitable law, or otherwise. Before filing a complaint in court, I agree to first present any claims in writing and in full detail to SCI and to cooperate with any SCI internal review process.

(Doc. 32-2 at ¶8.)

Plaintiff claims that she worked an estimated thirty-five hours of overtime each week, but was compensated at the regular, not overtime, rate for her overtime hours. Based on this claim, Plaintiff initiated this action against Defendant, asserting that Defendant violated the overtime provisions of the FLSA. (Doc. 1, filed February 2, 2007.) Plaintiff is seeking payment of overtime wages, liquidated damages, attorneys' fees, and costs.

## II. DISCUSSION

Defendant has moved for dismissal of the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In ruling on a motion to dismiss for lack of jurisdiction over the subject matter, a court may "inquire by affidavits or otherwise, into the facts as they exist."

_Dollar v. Land_, 330 U.S. 731, 735 n.4 (1947); _see also_ _Morrison v. Amway Corp._, 323 F.3d 920, 925 (11th Cir. 2003) ( "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts.") Furthermore, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff has urged the application of the Federal Arbitration Act, 9 U.S.C. § 2 ("FAA") to the terms of the member agreement. (Doc. 35 at 3.) The FAA states that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Therefore, to determine whether this matter is properly before the court, the appropriate inquiry must be whether the agreement waiving the right to a jury trial and substituting an alternative method of dispute resolution is a valid contract. "Thus, where a party enters into a valid agreement to arbitrate, the party is not entitled to a jury trial or to a judicial forum." _Caley v. Gulfstream Aerospace Corp._, 428 F.3d 1359, 1372 (11th Cir. 2005). If the member agreement is valid, then this action must be dismissed.

Plaintiff attacks the validity of the member agreement first by stating that the agreement does not apply to the Defendant. (Doc. 35 at 2.) The agreement clearly imposes duties on Defendant, Plaintiff, and SCI. For example, the agreement states: "I understand that SCI and my Company [the Defendant] are my co-employers pursuant to this agreement" and "SCI, my Company, and I agree to waive the right to a jury trial." (Doc. 32-2 at ¶¶ 1, 8.) Defendant made the same waiver as Plaintiff and SCI. That Defendant did not sign the agreement is

-3-

unimportant.  See Caley, 428 F.3d at 1369 ("[N]o signature is needed to satisfy the FAA's written agreement requirement.")  Defendant is a party to the member agreement, along with Plaintiff and SCI.

Second, Plaintiff claims that there was never any discrepancy to report under the agreement. (Doc. 35 at 2.)  Such an assertion stands directly opposed to the allegations of the complaint.  Plaintiff states: "[d]uring their employment with Defendant, Plaintiff, and those similarly situated to her, worked overtime hours but were not properly compensated for same." (Doc. 1 at ¶10.)  The basis for Plaintiff's entire complaint is the alleged discrepancy between what she was paid and what she believes she should have been paid.  Plaintiff had a duty to report "any discrepancies in time or compensation, as well as any time or compensation due to [Plaintiff] that [she] kn[ew] or ha[d] reason to know [Defendant] ha[d] not submitted to SCI." (Doc. 32-2 at ¶ 2.)  The "discrepancies" contemplated by the member agreement include the type of discrepancy alleged by Plaintiff.

Finally, Plaintiff asserts that the member agreement is unconscionable. (Doc. 35 at 3.) While unconscionability is grounds for the revocation of a contract under Florida law, Plaintiff does not cite any case revoking an arbitration agreement between an employer and employee. At both the state and federal level, courts favor enforcement of arbitration agreements.  See Brasington v. EMC Corp., 855 So. 2d 1212, 1215 (Fla. 1st DCA 2003) (stating "At the outset we recognize that agreements to arbitrate are favored by the courts."); Caley, 428 F.3d at 1368 (citing Cooper v. MRM Inv. Co., 367 F.3d 493, 498 (6th Cir. 2004)) ("The 'federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law.'").

-4-

Plaintiff's reliance on <u>Powertel, Inc. v. Bexley</u>, 743 So. 2d 570 (Fla. 1st DCA 1999), is misplaced. Despite questionable efforts[1] to frame such authority, <u>Powertel</u> deals with unconscionability in the context of consumer goods, not employment agreements. Inclusion of an arbitration clause in an employment agreement, alone, is not evidence of unconscionability, there must be other indicia of unconscionability. See <u>Caley</u>, 428 F.3d at 1377; <u>Brasington</u>, 855 So. 2d at 1218. The dispute resolution clause was the last item on the agreement, just above Plaintiff's signature, it is written in plain language, and no efforts were made to hide the clause. Plaintiff's assertion that she does not recall seeing the member agreement, or having it explained to her does not create procedural unconscionability. Plaintiff may not "rely on her ignorance of the company arbitration policy to support a claim that the arbitration clause is procedurally unconscionable." <u>Brasington</u>, 855 So. 2d at 1218. Furthermore, disparity in bargaining power is common in the employment context. <u>Caley</u>, 428 F.3d at 1377; <u>see also</u> <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 33 (1991) ("Mere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context."). This Court finds no procedural unconscionability in the member agreement.

Since this Court concludes that the member agreement is not procedurally unconscionable, arguments regarding the substantive unconscionability need not be addressed.

---

[1] Plaintiff misquotes both Florida's First District Court of Appeal and Black's Law Dictionary by replacing the phrase "consumers of goods and services" with "employees" in their Response. (Doc. 35 at 5.) The distinction between employees and consumers of goods and services is not lost on this Court, even if Plaintiff has chosen to ignore it.

Brasington, 855 So. 2d at 1218.  Plaintiff has waived her right to a jury trial and has agreed to undergo SCI's review process.  Accordingly, this Court does not have jurisdiction over the subject matter of Plaintiff's claims.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**; Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.  Defendant's Motion to Strike Jury Demand is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on this _____ day of October, 2007.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-6-